**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CIVIL NO.  2:05CV200
(2:03CR64-4)**

| | | |
|---|---|---|
| **ABRAHAM POMPA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, his request for the appointment of counsel, and a request for an evidentiary hearing filed May 3, 2005.  No response is necessary from the Government.

## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law,

2

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  28 U.S.C. § 2255.  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United
States District Courts.**  The Court, having conducted a thorough review of
the record of the criminal proceedings and the Petitioner's § 2255 motion,
determines that an evidentiary hearing is not required and Petitioner is not
entitled to appointed counsel.  ***See, United States v. Townsend*, 98 F.3d
510, 512 (9th Cir. 1996) (Rule 8(c) provides for counsel only when an
evidentiary hearing is required (quoting *United States v. Duarte-
Higareda*, 68 F.3d 369, 370 (9th Cir. 1995))); *see also*, Rule 8(c), Rules
Governing § 2255 Proceedings.**

## II. PROCEDURAL HISTORY

The Petitioner and 12 co-Defendants were charged in a two count

superseding indictment with conspiracy to possess with intent to distribute

a quantity of methamphetamine and marijuana in violation of 21 U.S.C. §§

3

846 and 841(a)(1) and the use of a communications facility in furtherance of the conspiracy in violation of 21 U.S.C. § 843(b). **Superseding Bill of Indictment, filed October 6, 2003.** The Government alleged in the indictment that the conspiracy involved at least 500 grams of a mixture or substance involving a detectable amount of methamphetamine and less than 50 kilograms of marijuana.

On November 10, 2003, the Petitioner appeared with court appointed for arraignment on the superseding indictment and entered not guilty pleas to the charges contained therein.

On November 25, 2003, the Petitioner entered into a plea agreement with the Government wherein he agreed to voluntarily plead guilty to Count One of the indictment and admitted "to being in fact guilty as charged" in the indictment. **Plea Agreement, filed November 26, 2003, at 1.** He was advised that the statutory maximum sentence for the offense was "not less than 10 years not more than life imprisonment[.]" *Id.* He was also advised that the final sentence imposed would be determined by the Court and any estimate of the length of imprisonment to be imposed was not binding upon the Court. *Id.*, **at 2.** The parties agreed that the amount of methamphetamine reasonably foreseeable to the Petitioner was at least

4

500 kilograms but less than 1.5 kilograms (mixture); that a one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2) would be recommended provided the Petitioner acknowledged all relevant criminal conduct and timely provided such information to the Government; that the Petitioner's criminal history could affect the ultimate Guideline determination; and that the Court would make the final decision regarding the Guideline calculations. *Id.*, at 2. The Petitioner waived all rights associated with a jury trial as well as his right to contest his conviction or sentence in any direct appeal or other post-conviction proceeding, such as a § 2255 motion, except on the grounds of prosecutorial misconduct or ineffective assistance of counsel. *Id.*, at 4-5. He further agreed that the Government, in its sole discretion, would determine whether any assistance he provided would be deemed substantial assistance and would qualify for a motion for downward departure. *Id.*, at 6-7.

On December 9, 2003, the Petitioner and his attorney appeared before the Magistrate Judge for a Rule 11 hearing for entry of his plea. The Petitioner was placed under oath and responded as follows: that he was not under the influence of any medications, liquors or drugs; that he knew and understood what he was doing; that he understood the elements

of the offense with which he was charged and to which he was pleading

guilty and the fact that the maximum punishment would not be less than 10

years imprisonment; that he would be sentenced pursuant to the

Guidelines; that he waived his rights to a jury trial and to appeal his

sentence and conviction either on direct appeal or a post-conviction

proceeding except on the grounds of prosecutorial misconduct or

ineffective assistance of counsel; that he had discussed the Guidelines

with his attorney and understood how they might be applied in his case;

that he understood and agreed with the terms of the plea agreement

including the limitations on his right to file a post-conviction proceeding;

and he wanted the Court to accept his guilty plea.  **See generally, Rule 11**

**Inquiry and Order of Acceptance of Plea, filed December 9, 2003.**  The

Petitioner and his attorney reviewed the Petitioner's answers to the

questions on the Rule 11 form as recorded by the Magistrate Judge and

then signed the Rule 11 form certifying that the answers to the "questions

propounded by the court, as recorded above and on the record, are true

and accurate to the best of their knowledge."  **Id., at 8-9.**  The Magistrate

Judge then found that the Petitioner's plea was knowingly and voluntarily

entered and accepted the plea.  **Id., at 9.**  On June 23, 2004, the

6

undersigned sentenced the Petitioner to a term of 63 months imprisonment. **Judgment in a Criminal Case, filed July 2, 2004.** The Petitioner did not appeal his conviction or sentence.

## III. DISCUSSION

The Petitioner contends he is entitled to a two-level decrease in his offense level computation pursuant to U.S.S.G. § 3B1.2(b) for his minor role in the conspiracy to which he plead guilty. Subsection (b) applies "[i]f the defendant was a minor participant" in the criminal activity. The Application Notes provide that this section applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." **U.S.S.G. § 3B1.2(b), comment. (n.5).** For the following reasons, the Court concludes the Petitioner does not qualify for the relief sought. *See* **Presentence Report, "Offense Conduct," dated May 7, 2004, at 5.**

Petitioner was one of 13 members of a drug conspiracy group operating in and around Jackson County, North Carolina. *Id*. The group obtained large quantities of methamphetamine from a Leovardo Avilez of Gainesville, Florida, and the Petitioner acted as a salesman for Avilez. *Id*.

7

On one occasion in November 2002, the Petitioner traveled to Mexico to purchase marijuana for Avilez, but was not successful in doing so. *Id.* Federal agents seized over $8,000 from the Petitioner which he agreed to forfeit to the United States as illegal drug money. *Id.;* **see also, Plea Agreement, at 2, 7-9.** Petitioner was alleged to be responsible for the distribution/knowledge of at least 500 grams but less than 1.5 kilograms of a mixture containing methamphetamine. **Presentence Report, *supra*.** He pled guilty to this amount of drugs with which he was involved or which was reasonably foreseeable to him. **Plea Agreement, *supra*.** Nothing contained in the presentence report or in Petitioner's motion supports the contention that the provisions of U.S.S.G. § 3B1.2(b) should apply and the relief is denied.

The Petitioner alleges that he was deprived of his right to effective assistance of counsel due to counsel's "deficient performance in particular by failing to file a motion for a reduction fo time based on the fact that [he] was a minor participant" in the conspiracy as discussed above. **Petitioner's Motion, "I. Overview."**

In considering the Petitioner's claims of ineffective assistance of counsel,

8

> [f]irst, the defendant must show that counsel's performance
> was deficient. This requires showing that counsel made errors
> so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second,
> the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

*Strickland v. Washington*, **466 U.S. 668, 686 (1984).** Unless a defendant

makes both showings, his claim of ineffective assistance of counsel must

fail. *Id.* Thus, a defendant must show that counsel's performance fell

below objective standards of reasonableness, and, that but for counsel's

conduct, there was a reasonable probability the result would have been

different. *Id.*, **at 688;** *Hill v. Lockhart*, **474 U.S. 52 (1985);** *Fields v.

Attorney Gen.*, **956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief

from a guilty plea on the basis of ineffective assistance of counsel, a

defendant must show both that counsel was incompetent and but for

that incompetence, he would not have plead guilty).** If the defendant

fails to make the first showing, there is no need to consider the second.

*Strickland, supra.*

In this case, the Petitioner offers no valid supportive argument,

documentation or record to refute the facts contained in the presentence

report that detail his substantial involvement in major drug dealings. If he

9

had not met the criteria set forth in 18 U.S.C. § 3553(f) as provided in

U.S.S.G. § 5C1.2, the Petitioner would have received a mandatory

minimum sentence of 120 months.

Because the Petitioner has failed to show that "counsel made errors

so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment," as to either trial counsel or appellate

counsel, the second prong of *Strickland* need not be reached.

To the extent the Petitioner raises grounds based on anything other

than ineffective assistance of counsel or prosecutorial misconduct, he

waived his right to raise such issues in a motion pursuant to § 2255 in his

plea agreement.  Based on the Petitioner's plea agreement, his signature

on the Rule 11 inquiry, the advice he received from the Court at the Rule

11 hearing, and his representations in open court during that hearing, the

Court finds the Petitioner made a knowing and voluntary waiver of the right

to attach his conviction or sentence by a collateral proceeding such as a §

2255 motion except on the grounds noted.  A petitioner may not, absent

circumstances not present in this case, agree to one thing during the Rule

11 inquiry and in a plea agreement, and then deny the same in a

subsequent § 2255 proceeding.  ***See, United States v. Lemaster,* 403**

10

**F.3d 216, 221-22 (4th Cir. 2005) (holding that in the absence of extraordinary circumstances, which do not appear here, the truth of sworn statements made during a Rule 11 colloquy is conclusively established.  "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (quotations and citations omitted)); *United States v. General*, 278 F.3d 389 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).  The** undersigned, therefore, concludes that it should and does rely on the Petitioner's statements, written and oral, made in this case, and that the same were knowing and voluntary.


**IV.  ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motions for an evidentiary hearing and for appointment of counsel are hereby **DENIED.**

11

**IT IS FURTHER ORDERED** that the Petitioner's motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; a

Judgment dismissing this action is filed herewith.

Signed: May 11, 2006

Lacy H. Thornburg
United States District Judge